No. 2716

Second Circuit

BUARD v. TEXAS & PACIFIC R. R. CO.

(November 6, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Railroads—Par. 73, 78.

Where one falls asleep sitting on a railroad track and is hit by an engine, recovery from the railroad company is based entirely on the doctrine of last clear chance.

2. Louisiana Digest—Railroads—Par. 78, 79, 80.

Where the preponderance of evidence fails to establish that the decedent was sitting on the rail or that he should have been seen lying by the track, it fails to establish facts essential to the application of the doctrine of the last clear chance.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Mary Buard against Texas and Pacific Railway Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Mary Buard, brings this action to recover damages for the death of her son, Walter Grimes, whose death is alleged to have resulted from the negligence of defendant in operating one of its trains.

Plaintiff alleges that her son, issue of a former marriage, was killed at a point on defendant's line near Natchitoches, where the highway crosses the railroad track, by a passenger train operated by defendant; that her son had walked for some distance and, becoming tired, had sat down on the railroad and fell asleep on the track; that the track at the point where the accident occurred was straight for some miles and that the operators of the train saw or could have seen her son lying asleep upon the track for a distance of five hundred yards and in ample time to have avoided the accident. She avers that the

accident occurred on the morning of the 6th day of September, 1925, and at about 4:45 A. M.

Defendant answered, admitting that a boy named William Grimes had been struck and fatally injured by one of its trains on the date and at the hour alleged, but otherwise denied the allegations of plaintiff's petition.

On trial judgment was rendered rejecting plaintiff's demands and she appealed.

## OPINION

On trial, plaintiff, without having made any preliminary showing, offered parol evidence to prove that she had been married to one Dee Grimes and that decedent, Walter Grimes, was the issue of said marriage, which evidence was admitted over the objection of defendant, and defendant urges that the objection should have been sustained, and the evidence offered ignored, leaving plaintiff without a cause of action.

However, in that event, and as there appears to be some conflict of authority as to whether the judgment should be affirmed or the case remanded for a new trial, or plaintiff's demands rejected as of non-suit, we shall consider the evidence on the question as to the negligence of the defendant; as, if there was no negligence, it could serve no useful purpose to remand the cause or non-suit the plaintiff for failing to establish the alleged marriage and the legitimacy of her son, Walter Grimes.

The legal basis for plaintiff's contention that defendant was negligent is the doctrine of the last clear chance, and conceding without deciding that the time and place where the accident occurred are shown to have been such as that the trainmen in the exercise of ordinary care were bound to maintain a lookout for persons sitting or asleep on or near the track, it must be conceded that in order that the doctrine may be applied under the pleadings, it must appear from a clear preponderance of the evidence.

That the deceased, at the time of the approach of the train, was in a position of danger on or near the track, and that his position was such as that the trainmen, in the exercise of ordinary care, should have seen the deceased and realized that he was in a helpless condition, or unaware of the approach of the train, in time to have avoided the accident.

The evidence as to the position of the decedent, as stated by plaintiff's witness, Luther Bolden, who was with the deceased at the time of the accident, was that he (Bolden) had stopped on the track just north of where a public highway crosses the track, about an hour before the accident; that he (Bolden) had laid down with his head on the end of a crosstie with his feet extending out, and that decedent had sat down a short distance from witness in the direction from which the train was coming; that he sat on the rail, his feet resting on the end of the crossties, with his elbows resting on his knees, and holding his head in his hands; that he (Bolden) fell asleep and was awakened by the noise of the approaching train, which was at that time within a distance, estimated by the witness, of fifteen to thirty-five feet, and that he (Bolden) jumped and called to decedent who, the witness stated, was in the same position which he occupied when the witness fell asleep), and that decedent jumped up and "kinder fell back".

The evidence establishes that the train was running at about thirty-five miles per hour and that the body of decedent

was found on the other side of the track at a distance of forty-five or fifty yards from where the witness (Bolden) states that he and decedent had stopped.

It was shown that immediately after the accident Bolden had stated that decedent "jumped and ran right in front of the engine" and there was some evidence offered tending to show that decedent was not struck by the locomotive.

The engineer testified that he was maintaining a lookout and that he did not see the boys and did not know that decedent had been injured until the following day.

The evidence establishes that the track was straight; that the signals had been given for the crossing, and that the engineer could see a person sitting on the rails for a distance of one hundred and fifteen yards or within a distance that the evidence indicates the train could have been stopped.

It is apparent that, considering the speed of the train, Bolden (if his testimony was otherwise correct) underestimated the distance between himself and the train when he was awakened, but we think that was very natural, and we consider the testimony of the witness as merely indicating that the period of time after the witness was awakened and the accident was exceedingly short.

The accident occurred at night; the witness was suddenly awakened from deep sleep, and in the glare of the headlight he saw and heard the train rushing towards him, and we can well account for the variance in his estimate of distances at that time, as well as the variance between the statements which the witness made immediately after the accident and the statemen made by him on the witness stand.

We think that we detect a note of uncertainty in the testimony of the witness as to what actually did occur, and even if there was no other testimony than that of Bolden, we are of the opinion that the lower court was warranted in refusing to find the defendant guilty of negligence upon the testimony of the witness.

However, the engineer stated that he was maintaining a lookout and that he did not see anyone on the track, and the evidence showing that the engineer could have seen decedent had he been sitting on the rail, we find that the preponderance of the evidence fails to establish that decedent was sitting on the rail, and as there is no evidence that decedent should have been seen if he was lying by the track, as the witness Bolden claims to have been, we are of the opinion that the evidence fails to establish the fact essential to the application of the doctrine of the last clear chance.

For the reasons assigned the judgment appealed from is affirmed.